UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| Jason Pippin,<br><br>   Plaintiff,<br><br>v.<br><br>Regional Adjustment Bureau, Inc.; and DOES 1-10, inclusive,<br><br>   Defendants. | Civil Action No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

For this Complaint, the Plaintiff, Jason Pippin, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jason Pippin ("Plaintiff"), is an adult individual residing in Monterey, Tennessee, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Regional Adjustment Bureau, Inc. ("Regional"), is a Tennessee business entity with an address of 7000 Goodlett Farms Parkway, Memphis, Tennessee 38016,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Regional and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Regional at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to National Auto Diesel College (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Regional for collection, or Regional was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Regional Engages in Harassment and Abusive Tactics

12. On or about late-October 2012, Defendants contacted Plaintiff via telephone at his place of employment in an attempt to collect the Debt.

13. Despite the fact that Plaintiff informed Defendants that he could be reprimanded and/or fired for taking a personal call at work, Defendants kept Plaintiff on the line for nearly 30

2

minutes and threatened Plaintiff if he ended the call without making immediate arrangements to pay the Debt. Defendant's actions overshadowed Plaintiff's right to dispute the Debt.

14. Plaintiff advised Defendants that the Debt had been satisfied by a student loan, and that Plaintiff had regularly and consistently made payments to Sallie Mae in payment of the loan.

15. Notwithstanding Plaintiff's dispute of the Debt, Defendants misled and intimidated Plaintiff by repeatedly stating that would not end the call with Plaintiff until he had agreed to make immediate payment arrangements on the Debt. Otherwise, Defendants would get attorneys involved who would take legal action against Plaintiff to collect the Debt.

16. Out of fear of reprimand at work and of possible litigation, Plaintiff provided Defendants with his bank account information.

17. Once Plaintiff was able to confirm that he did not owe anything on the Debt, Plaintiff instructed his bank to stop payment on any attempts to electronically withdraw funds from his bank account.

18. Defendants subsequently attempted to withdraw funds from Plaintiff's bank account. Although the actual withdrawal was blocked, Plaintiff incurred processing fees from his bank.

**C. Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and/or legal status of the Debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692f(5) in that Defendants caused charges to be made to the Plaintiff in connection with the collection of a debt.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 28, 2012

           Respectfully submitted,

           By */s/ Kenneth D. McLean*

           Kenneth D. McLean (BPR No. 30472)
           THE McLEAN LAW FIRM, LLC
           P.O. Box 38161
           Germantown, TN 38183-0161
           Telephone: (901) 326-6888
           Facsimile: (901) 531-8102
           Kenneth@themcleanlawfirm.com

Of Counsel To
Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237